```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

THOMAS HENRY PUSEY,

                Plaintiff,

vs.                                  Case No. 2:06-cv-404-FtM-29DNF

SHERIFF JOHN G. DAVENPORT,

                Defendant.
_____

## OPINION AND ORDER

This matter comes before the Court upon initial review of the file. *Pro se* Plaintiff, who is currently incarcerated at the Charlotte County Jail, filed a civil rights Complaint form pursuant to 42 U.S.C. § 1983 on August 9, 2006. (Doc. #1.)

Plaintiff alleges that Sheriff John Davenport, of the Charlotte County Jail, violated his constitutional rights when the jail charged his inmate trust account for legal materials, such as a seventy-five cent charge per pen. (Id. at pp. 8-9.) Plaintiff argues that because he is indigent and has not been convicted of his pending state charges, the jail should not be "charging [him] money to 'access the courts' and obtain 'legal materials' for drafting my legal documents." (Id. at p. 9.) Plaintiff states that he has exhausted his available administrative remedies. Charlotte County Jail responded to Plaintiff's grievances by organizing a system whereby the jail provides Plaintiff with a new ink pen when he returns an old ink pen. As relief, Plaintiff seeks compensation of the funds that the jail previously withdrew from

his inmate trust account for legal materials, such as pens. Additionally, Plaintiff requests "to make all legal materials adequate[ly] available to me, as well as others, free from cost per my Constitutional rights." (Id. at p. 10.)

Because Plaintiff seeks to proceed in this action *in forma pauperis* (Doc. #2), the Prison Litigation Reform Act (hereinafter PLRA) requires the Court to determine whether this action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(I)-(iii). In essence, § 1915(e)(2) is a screening process, to be applied *sua sponte* and at any time during the proceedings. See 28 U.S.C. §1915(e)(2). The Court, nonetheless, must read Plaintiff's *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519 (1972); see also Miller v. Stanmore, 636 F.2d 986, 988 (5th Cir. 1981)[1].

A complaint filed *in forma pauperis* which fails to state a claim under Fed. R. Civ. P. 12(b)(6) is not automatically frivolous. Neitzke v. Williams, 490 U.S. 319, 328 (1989). Rather, the test for granting a § 1915 dismissal is whether the claim lacks arguable merit either in law or fact. Neitzke, at 325; see also

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309 (11th Cir. 2002); Bilal v. Driver, 251 F.3d 1346 (11th Cir. 2001). Additionally, § 1915 requires dismissal when the legal theories advanced are "indisputably meritless," Nietzke at 327; when the claims rely on factual allegations which are "clearly baseless" Denton v. Hernandez, 504 U.S. 25, 32 (1992); or, when it appears that the plaintiff has little or no chance of success. Bilal, 251 F.3d at 1349.

In any § 1983 action, the initial inquiry must focus on whether the two essential elements to a § 1983 action are present:

> (1) whether the person engaged in the conduct complained of was acting under color of state law; and (2) whether the alleged conduct deprived a person of rights, privileges or immunities guaranteed under the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds by, Daniels v. Williams, 474 U.S. 327 (1986); Burch v. Apalachee Community Mental Health Services, Inc., 840 F.2d 797, 800 (11th Cir. 1988), aff'd by, Zinermon v. Burch, 494 U.S. 113 (1990).

Duke v. Massey, 87 F.3d 1226, 1231 (11th Cir. 1996); Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995).

It appears that Plaintiff's Complaint fails to state a claim under 28 U.S.C. § 1915(e)(2) because Plaintiff has not alleged facts supporting a violation of his access to courts. Plaintiff must allege that his "fundamental right of access to the courts in order to attack his sentence or to challenge the conditions of his confinement" were impaired or obstructed by the prison officials'

actions. Lewis v. Casey, 518 U.S. 343, 351 (1996)(citing Bounds v. Smith, 430 U.S. 817, 821, 828 (1977)); Knight v. Jacobson, 300 F.3d 1272, 1275 (11th Cir. 2002); Bass v. Singletary, 143 F.3d 1442 (11th Cir. 1998). While a plaintiff is not required to prove his claim in his complaint, he must allege sufficient facts in the complaint which, when viewed in the light most favorable to plaintiff, support the conclusion that he may be able to establish that he is entitled to the relief he seeks under § 1983. In this case, the Complaint merely states that the jail previously withdrew funds from Plaintiff's inmate trust fund account for the cost of pens, which fails to establish a First Amendment violation for access to courts. *Cf.* Wanninger v. Davenport, 697 F.2d 992 (11th Cir. 1983)(reasoning that prisoner was not deprived of meaningful access to courts when jail did not provide unlimited free copies); Shannon v. Singletary, 678 So.2d 466 (Fla. 1st DCA 1996)(holding that prisoner's right of access to courts was not violated by jail policy that required prisoner to pay long-distance court conference telephone charges in accordance with his ability to pay). Moreover, Plaintiff admits that the jail has responded to his grievances by devising a system that when Plaintiff returns an empty pen, the jail provides Plaintiff with a new pen, free of charge.

To the extent Plaintiff challenges the jail's previous charges for the pens, Plaintiff has a protected property interest in any funds deposited into his account and cannot be deprived of those funds without due process of law. See Gillihan v. Shillinger, 872

F.2d 935, 938 (10th Cir. 1989).  Plaintiff's due process rights, however, are intact since Plaintiff is able to challenge any charges assessed against his account by filing a grievance.  See Solomos v. Jenne, 776 So. 2d 953 (Fla. 4th DCA 2000).  Moreover, Plaintiff has not alleged that Florida law has provided an inadequate post-deprivation remedy.  "Before seeking a remedy for an alleged due process violation in federal court, a plaintiff is obliged to avail itself of state remedies or show that the state deprived it of redress."  T & A Utilities v. City of Panama City, 5:96-CV-97, 1997 WL 151045, *4 (N.D. Fla. 1997) (citing Tinney v. Shores, 77 F.3d 378, 382 (11th Cir. 1996); McKinney v. Pate, 20 F.3d 1550, 1557 (11th Cir. 1994), cert. denied, 513 U.S. 1110 (1995)(footnote omitted)).

ACCORDINGLY, it is hereby

**ORDERED:**

1.   Plaintiff's Complaint (Doc. #1) is **DISMISSED without prejudice**, pursuant to 28 U.S.C. § 1915(e)(2).

2.   The Clerk of Court shall: (1) enter judgment accordingly against the plaintiff; (2) terminate all pending motions; and (3) close the file.

**DONE AND ORDERED** in Fort Myers, Florida, on this   23rd   day of August, 2006.

*John E. Steele*
JOHN E. STEELE
United States District Judge

SA:  alj
Copies: All Parties of Record